IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE RICARDO OLVERA-VELAZQUEZ, | § § § | |
| *Plaintiff,* | § § | SA-24-CV-00028-JKP |
| vs. | § § § | |
| MVT TRANSPORTATION LLC, JOSE HERNANDEZ DE LA ROSA, | § § § | |
| *Defendants.* | § § § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's Motion to Exclude Defendants' Expert Dr. Mathew Greenston [#30] and Plaintiff's Motion to Exclude Defendants' Expert Irmo Marini PhD, CRC, CLCP [#31]. On January 9, 2024, the District Court referred this case to the undersigned for all non-dispositive pretrial proceedings [#9]. The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's Motions to Exclude [#30, #31] are **DENIED**.

**I.   Background**

This is a personal-injury action arising out of a motor-vehicle accident between Plaintiff Jose Ricardo Olvera-Velazquez and Defendant Jose Hernandez De La Rosa. (Orig. Pet. [#1-5], ¶ 6.1.) Defendant MVT Transportation LLC ("MVT") has stipulated that Defendant De La Rosa was acting in the course and scope of his employment with MVT at the time of the accident. (Def. Partial MSJ [#28], at 1.) According to Plaintiff, his vehicle was struck by the 18-wheeler being driven by Defendant De La Rosa, causing severe injuries. (Orig. Pet. [#1-5], ¶¶ 6.1–6.2.) This suit alleges claims of negligence against Defendant De La Rosa and claims against

1

Defendant MVT for negligent hiring, retention, entrustment, supervision, and training of Defendant De La Rosa. (Orig. Pet. [#1-5], at 3–5.)

Plaintiff has filed motions to exclude two of Defendants' experts, Dr. Mathew Greenston and Dr. Irmo Marini. The Court will deny Plaintiff's motions without prejudice to his seeking to limit certain portions of the experts' expected testimony through trial objections or a motion *in limine*.

## II.   Legal Standard

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993), the Supreme Court held that trial judges must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Subsequent to *Daubert*, Rule 702 of the Federal Rules of Evidence was amended to provide that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Rule 702 and *Daubert* analysis applies to all proposed expert testimony, including non-scientific "technical" analysis and other "specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *See Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). A proffered expert witness "is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson*

*v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting Fed. R. Evid. 702). An expert must "possess a higher degree of knowledge, skill, experience, training, or education than an ordinary person." *Newton v. Roche Labs., Inc.*, 243 F. Supp. 2d 672, 676 (W.D. Tex. 2002).

If a court finds a given expert to be qualified to testify, Rule 702 imposes the additional obligation upon the trial judge to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert*, 509 U.S. at 589–90. *Daubert* sets forth four specific factors that the trial court should ordinarily apply when considering the reliability of scientific evidence: (1) whether the technique can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether there is a known or potential rate of error; and (4) whether the relevant scientific community generally accepts the technique. *See id.* at 592–93. This test of reliability, however, is "flexible," and these factors "neither necessarily nor exclusively apply to all experts or in every case." *Kumho Tire Co.*, 526 U.S. at 141. "Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 142 (emphasis omitted). "The proponent need not prove . . . that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore*, 151 F.3d at 276.

Notwithstanding the testing of an expert's qualification, reliability, and admissibility, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Adv. Comm. Notes (2000). "*Daubert* did not work a 'seachange over federal evidence law,' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *Id.* (quoting *U.S. v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible

evidence." *Daubert*, 509 U.S. at 596. A district court enjoys broad discretion in determining the admissibility of expert testimony, and such decisions will not be disturbed on appeal unless a ruling is "manifestly erroneous." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

### III.   Analysis

Plaintiff has moved to exclude two of Defendants' experts. The Court will deny each motion without prejudice.

**A.   Dr. Greenston**

Plaintiff's Motion to Exclude Defendants' Expert Dr. Mathew Greenston [#30] raises the arguments that (1) his expected testimony includes an impermissible legal conclusion; (2) portions of his expected testimony do not require an expert and are not helpful to the jury; and (3) his testimony is unreliable because he did not inspect the truck at issue.[1]

Dr. Greenston is certified by the Accreditation Commission for Traffic Accident Reconstruction and is an emergency medicine physician. (Greenston Aff. [#34-3], ¶¶ 4, 7.) Plaintiff does not contend that he is unqualified to testify. And Plaintiff has not identified problems with the reliability of the methodology he used either. Moreover, Defendants have satisfied their burden to demonstrate by a preponderance of the evidence that Dr. Greenston's testimony is reliable. The issues raised by Plaintiff in his motion and at the May 1, 2025 hearing before the undersigned are matters more appropriately raised at trial with a motion *in limine*, through contemporaneous objection, or on cross-examination. The Court will therefore deny Plaintiff's motion to exclude Dr. Greenston without prejudice.

---

[1] Plaintiff's motion also asserts that Dr. Greenston is not qualified as a certified accident reconstruction expert. At the hearing held before the undersigned on May 1, 2025, Plaintiff withdrew this argument and acknowledged that Dr. Greenston is certified by the Accreditation Commission for Traffic Accident Reconstruction.

### B. Dr. Marini

Plaintiff's Motion to Exclude Defendants' Expert Irmo Marini PhD, CRC, CLCP [#31] argues that Dr. Marini impermissibly parrots the opinion of a medical doctor, Dr. Stuart Pipken. Under Rule 703, however, "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Life planners like Dr. Marini must rely upon medical opinions to estimate the quantity of medical care someone will need over their lifetime. Significantly, it is undisputed that Dr. Pipken is expected to testify at trial to the opinions relied upon by Dr. Marini. The Court will therefore deny Plaintiff's motion to exclude Dr. Marini. This ruling is without prejudice to Plaintiff reurging his objections at trial or seeking a motion *in limine* to prevent Dr. Marini from testifying about Dr. Pipken's opinions unless the proper predicate has been laid with Dr. Pipken's testimony.

### IV. Conclusion

For the reasons set forth above, the Dr. Greenston and Dr. Marini should not be excluded as experts, and the District Court is able to consider specific objections to aspects of their testimony as they arise at trial and/or through any motions *in limine*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Exclude Defendants' Expert Dr. Mathew Greenston [#30] and Plaintiff's Motion to Exclude Defendants' Expert Irmo Marini PhD, CRC, CLCP [#31] are **DENIED.**

**IT IS SO ORDERED**.

SIGNED this 8th day of May, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE